Anthony J. MANCUSO

v.

**CITY OF PROVIDENCE, By and Through its Treasurer, Stephen T. NAPOLITANO.**

No. 95–189–Appeal.

Supreme Court of Rhode Island.

Oct. 25, 1996.

Robert Craven, Eva Marie Mancuso, Providence.

David A. Salvatore, Providence.

**ORDER**

This case came before a hearing panel of this court for oral argument October 15, 1996, pursuant to an order that had directed the plaintiff, Anthony J. Mancuso, to appear and show cause why the defendant's appeal should not be summarily sustained. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown.

This case was presented to the court on the appeal of the defendant, City of Providence, from a judgment entered in the Superior Court in favor of the plaintiff for severance pay including accumulated sick time together with interest arising out of the plaintiff's retirement and/or resignation from the office of Chief of Police of the City of Providence. The trial justice found as a matter of fact and held as a matter of law that the plaintiff was not entitled to severance pay based upon the collective bargaining agreement between the City and the Police Officers' Union, because he retired prior to attaining ten years of service. He further found that in his capacity as Chief of Police, the plaintiff was not covered by the collective bargaining agreement. Nevertheless, the trial justice further found that Edward Poyer, who served as fiscal officer for the Department of Public Safety had assured plaintiff that he was entitled to severance pay for 112¼ sick days and that plaintiff relied on that information. The trial justice held that Mr. Poyer's assurances had bound the city either by contract or by the doctrine of promissory estoppel. We must respectfully disagree.

Edward Poyer as fiscal officer had no power to enter into any agreement on behalf of the city. The doctrine of promissory estoppel could not be applied to an individual who had no authority to render a promise upon which the plaintiff might reasonably rely. *See B.M.L. Corp. v. Greater Providence Deposit,* 495 A.2d 675 (R.I.1985).

Consequently since no one with authority to bind the City of Providence made any promise or gave any assurance to the plaintiff that he would receive the disputed severance pay, the trial justice was in error in

rendering judgment in his favor. The judgment entered in the Superior Court is reversed. The papers in the case are remanded to the Superior Court with directions to dismiss the plaintiff's complaint and enter final judgment in favor of the defendant, City of Providence.

FLANDERS, J., did not participate.